**CITY OF ROSSFORD and Joseph A. Richards, Plaintiffs,**

v.

**Elmer T. KLASSEN, Postmaster General**

**and**

**Clarence B. Gels, Regional Postmaster General, Defendants.**

No. C 72-313.

United States District Court, N. D. Ohio, W. D.

May 9, 1973.

Thomas S. Middleton, Bowling Green, Ohio, Donald F. Melhorn, Jr., Toledo, Ohio, for plaintiffs.

Patrick J. Foley, Asst. U. S. Atty., Toledo, Ohio, for defendants.

## OPINION and ORDER

WALINSKI, District Judge.

This cause is before the Court on defendants' motion for summary judgment with memo and affidavits attached, motion in opposition thereto with affidavits attached.

Plaintiff seeks to enjoin the Postmaster General, United States Postal Service, and the appropriate regional Postmaster General from "closing the Rossford Post Office."

Jurisdiction and venue is based on 39 U.S.C. § 409; 28 U.S.C. §§ 1339 and 1391. The cause arises under the Postal Reorganization Act of 1970, 84 Stat. 719, 39 U.S.C. § 101 et seq.

39 U.S.C. § 101(b) provides:

"The Postal Service shall provide a maximum degree of effective and regular postal services to rural areas, communities, and small towns where post offices are not self sustaining. *No small post office shall be closed*, solely for operating at a deficit, it being the specific intent of Congress that *effective postal service be* insured to residents of both urban and rural communities." (*Emphasis added.*)

It is obvious at the outset that the Rossford Post Office was not closed "within the meaning of 39 U.S.C. § 101 (b)." It was reclassified as a branch post office, with the same number of full-time personnel, although not the same P.S. grades, and with two part-time P.S. 5 personnel operating on an "as needed" basis through the Toledo Post Office. All the services prior thereto are still available. The Services responsibilities are governed by 39 U.S.C. § 403(b)(3), which provides in part:

"(3) to establish and maintain postal facilities of such character and in such locations that postal patrons throughout the Nation will, consistent with reasonable economies of postal operations, have ready access to essential postal services."

The Postal Service likewise has the right to determine needs. (39 U.S.C. § 404(3)).

The affidavits supporting plaintiff's opposition go mainly to the delays in mail service. In this regard the Court, as well as every user of the mails in this Nation, joins.

The affidavits, however, do not support the contention that the Rossford Post Office was "closed" contrary to 39 U.S.C. § 101(b).

The motion for summary judgment is granted and the complaint is dismissed.